IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DOUGLASS GORDON DOGGETT,<br><br>　　　　　Defendant. | No. 3:20-mj-00367-DMS |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Jolene Goeden, having been first duly sworn, do hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.　I make this affidavit in support of an application for a criminal complaint and arrest warrant pursuant to Federal Rules of Criminal Procedure 3 and 4. As explained more fully below, I have probable cause to believe that DOUGLASS GORDON DOGGETT has committed the following federal criminal offenses:

> **Count 1:** That between about November 2019 and about May 2020, within the District of Alaska, DOUGLASS GORDON DOGGETT employed, used, persuaded, induced, enticed, and coerced a minor, "Victim A", with the intent that she engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was transported and transmitted transported and transmitted using a means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, in violation of 18 U.S.C. § 2251.

**Count 2:** That between about November 2019 and about May 2020, within the District of Alaska, DOUGLASS GORDON DOGGETT knowingly distributed child pornography and material that contained child pornography using a means and facility of interstate and foreign commerce, including by computer, in violation of 18 U.S.C. § 2252A(a)(2).

**Count 3:** That between about November 2019 and about May 2020, within the District of Alaska, DOUGLASS GORDON DOGGETT knowingly received child pornography and material that contained child pornography using a means and facility of interstate and foreign commerce, including by computer, in violation of 18 U.S.C. § 2252A(a)(2).

**Count 4:** That between about November 2019 and about May 2020, within the District of Alaska, DOUGLASS GORDON DOGGETT knowingly possessed and knowingly accessed with intent to view material that contained an image of child pornography and that had been transported using a means and facility of interstate and foreign commerce, including by computer, and that was produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B).

**Count 5:** That on or about May 24, 2020, in the District of Alaska, DOUGLASS GORDON DOGGETT, knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess, in and affecting interstate and foreign commerce, a firearm, in violation of 18 U.S.C. § 922(g)(1).

2. The statements in this affidavit are based in part on information provided to me by other law enforcement officers, police reports, my own investigation of this matter, and my training and experience. Since this affidavit is being submitted for the limited purpose of establishing probable cause to support a complaint and securing an arrest warrant, I have not included each and every fact known to me concerning this investigation.

3. I have been a Special Agent with the FBI since March 2004. Since that time, I have been assigned investigative responsibilities in the areas of crimes against children, human trafficking, violent gangs and criminal enterprises investigations in the FBI

Anchorage Field Office, where I am currently assigned. The Anchorage Field Office is located within the District of Alaska. During this assignment, I have focused on child pornography, child enticement, kidnapping, human trafficking, drug, violent gang, criminal enterprises, and felon in possession of a weapon investigations. I have been involved in cases involving the investigation and prosecution of defendants for violations of Title 18 of the United States Code. Further, I have conducted and participated in a number of search warrants, arrest warrants, and interviews of people involved in federal crimes and criminal enterprises.

### FACTS IN SUPPORT OF PROBABLE CAUSE

4. DOUGLASS GORDON DOGGETT is a 42 year old man. He has multiple prior felony convictions. On June 30, 2010, DOGGETT was sentenced to 32 months imprisonment for being a felon in possession of a firearm in case 3:10-cr-000218-RRB. In the course of this investigation, agents have familiarized themselves with DOGGETT's appearance through viewing his DMV photograph.

5. "Victim A" is a 16 year old girl. She was taken into the custody of the Alaska Division of Juvenile Justice in June 2020.

6. Following Victim A's arrest, agents reviewed the contents of her cell phone. The phone's video/photo gallery contained several videos of Victim A and DOGGETT engaged in a variety of sexual activity, including Victim A performing fellatio on DOGGETT, DOGGETT performing cunnilingus on Victim A, and DOGGETT and Victim A engaged in penile/vaginal penetration. *Agent Goeden stated that Victim A consented to the search of her cell phone.*
*/s/ USMJ Deborah Smith*
*3:39 pm 7/8/20*

7. In some of the videos, Victim A is holding the camera and in others, DOGGETT is holding the camera. There are also videos that appear to be taken with a camera that was pre-placed to record without anyone holding it.

8. Victim A had the Snapchat app installed on her phone. In the app, Victim A had some of the videos described above, as well as other videos of DOGGETT engaging in sexual activity with her.

9. Agents noted that one of Victim A's Snapchat friends was named "Alaska-d" and used the screenname "Blanket". Victim A began exchanging messages with "Alaska-d" on May 11, 2019. In these messages, Victim A called the person she was speaking to "Doug". "Alaska-d" also sent Victim A several photographs depicting DOGGETT. Accordingly, I believe that DOGGETT was using the "Alaska-d" Snapchat account.

10. Victim A's Snapchat activity includes:

   a. On July 3, 2019, DOGGETT sent Victim A three photos of what appears to be methamphetamine. In one photo, the sender is holding the drugs in his hands and in the other two photos the drugs are in a clear Ziploc bag.

   b. On November 8, 2019, Victim A sent DOGGETT a naked photo of herself and a photo of DOGGETT with his mouth on her bare breast.

   c. On November 27, 2019, Victim A sent a video to DOGGETT showing DOGGETT performing oral sex on Victim A. Victim A can be seen in the mirror holding the camera to record the video.

d. On December 15, 2019, DOGGETT sent Victim A a series of photographs of Victim A posing wearing only underwear. (These images do not constitute child pornography.)

e. On January 15, 2020, a Snapchat memory is a video of an adult male hand touching Victim A's vagina.

f. On February 17, 2020, Victim A sent DOGGETT a video of her touching DOGGETT's penis while he is lying on a bed.

g. On May 14, 2020, DOGGETT sent Victim A a video himself shooting a gun multiple times in a target course.

h. On May 24, 2020, DOGGETT sent Victim A a series of photos, including showing DOGETTT and Victim A standing naked in front of a mirror. DOGGETT is standing behind Victim A with his arms around her. He has one hand on her breast and one on her vagina. Victim A is seen in the image taking the photo with a cell phone.

11. A review of Victim A's email account revealed on December 18, 2019, Victim A received an email from "dougdoggettak@gmail.com" that contained a series of images taken of Victim A as described above in paragraph 10(d). The email also included several additional images, including images of DOGGETT holding his penis and Victim A touching DOGGETT's penis.

12. A review of images in Victim A's Drive gallery showed several photos of what appeared to be methamphetamine. The photos included the drugs on a scale and clear plastic baggy.

13. DOGGETT was interviewed by FBI Task Force Officer Torres on July 7, 2020. DOGGETT was advised of his Miranda rights and agreed to speak with TFO Torres about his involvement with Victim A.

14. DOGGETT told TFO Torres that he met Victim A when she was 15 years old, and admitted to having sex with her. DOGGETT said that Victim A initiated sexual contact and had seduced him. DOGGETT specifically admitted to performing cunnilingus on Victim A, having her perform fellatio on him, and engaging in penile/vaginal penetration. DOGGETT was unable to count how many time he had engaged in sexual activity with Victim A. DOGGETT acknowledged that it was wrong for him to have sex with Victim A, but explained that he loved her.

15. DOGGETT admitted that both he and Victim A created recordings of their sexual activity, and admitted to exchanging those recordings through Snapchat. DOGGETT admitted that some of those videos and images were currently on his cell phone. DOGGETT denied distributing those recordings to anyone besides Victim A.

16. DOGGETT admitted that he has sold heron and methamphetamine for several years. DOGGETT denied selling narcotics to Victim A, but admitted to using narcotics with her.

17. DOGGETT admitted to owning an AR-15 style rifle, which could be seen on the video described in paragraph 10(g). DOGGETT said that he had hidden the rifle in a closet at his friend's house without their knowledge.

18. Agents went to the house described by DOGGETT, located the rifle, and seized it.

19. DOGGETT was arrested following this interview, and is currently in federal custody.

## CONCLUSION

20. I have probable cause to believe that DOGGETT has committed the offenses described in the complaint. Accordingly, I ask the court to issue a warrant for DOGGETT's arrest in accordance with Federal Rule of Criminal Procedure 4(a).

RESPECTFULLY SUBMITTED,

_____
JOLENE GOEDEN
Special Agent, FBI

SUBSCRIBED AND SWORN TO telephonically on ___July 8, 2020___.

_____
Deborah Smith
UNITED STATES MAGISTRATE JUDGE

# INFORMATION/REPORT COVER SHEET

UNITED STATES OF AMERICA

v.    Defendant's Name:  Douglass Gordon Doggett

DOUGLASS GORDON DOGGETT

**DOB:** 04/20/1977

Defendant Juvenile?  ☐ Yes  ☒ No

☐ **Superseding Indictment #**

☒ **MJ Complaint #**  3:20-mj-00367-DMS

☐ Interpreter needed :

☐ Conflict Judge Burgess

☐ Conflict Judge Smith

☐ Victim/Witness

---

Defendant's Status and Location:  PC arrest in this case

☒ In Federal Custody at:  ACC    ☐ In State Custody at:    ☐ On Pretrial Release

**Process:**

☒ **Arrest Warrant:**   ☐ Secret   ☐ Sealed   ☐ Habeas ad pros. to follow

☐ Summons

☒ Set for Arraignment and Notify USM

☐ Set Arraignment upon notification from USM that defendant is in district

**Bail (release or detention):**

☒ Detention (18 USC 3142 (e))   ☒ flight risk   ☒ danger to community   ☐ no ties to community

☐ Release   ☐ On conditions to be requested   ☐ As previously set by Court

Charges:

| Count | Level F-M-P | Code Provision | Offense (if drug charge state type of drug) | Maximum Penalty |
|---|---|---|---|---|
| 1 | F | 18 U.S.C. § 2251 | Sexual Exploitation of Children | 15-30 years, $250,000 fine, 5 year-lifetime S/R, $100 S/A, $5000 JVTA assessment |
| 2 | F | 18 U.S.C. § 2252A(a)(2) | Distribution of Child Pornography | 5-20 years, $250,000 fine, 5 year-lifetime S/R, $100 S/A, $5000 JVTA assessment |
| 3 | F | 18 U.S.C. § 2252A(a)(2) | Receipt of Child Pornography | 5-20 years, $250,000 fine, 5 year-lifetime S/R, $100 S/A, $5000 JVTA assessment |
| 4 | F | 18 U.S.C. § 2252A(a)(5)(B) | Possession of Child Pornography | 0-10 years, $250,000 fine, 5 year-lifetime S/R, $100 S/A, $5000 JVTA assessment |
| 5 | F | 18 U.S.C. § 922(g)(1) | Felon in Possession | 0-10 years, $250,000 fine, 3 years S/R, $100 S/A |
|  |  |  |  |  |

| AUSA: James Klugman | Agent/Agency: Jolene Goeden (FBI) | Agent's Phone: (907) 947-9260 |
|---|---|---|

Print Form